**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| JANTZEN MASON,<br><br>Plaintiff,<br><br>v.<br><br>IOWA STUDENT LOAN LIQUIDITY CORPORATION,<br><br>Defendant. | CASE NO. 4:23-cv-515<br><br>**ANSWER** |

Defendant Iowa Student Loan Liquidity Corporation ("Iowa Student Loan"), for its Answer to Plaintiff's Petition, states as follows:

**FACTS**

1. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

2. Denied for lack of information.

3. Denied.

4. Denied.

5. Denied.

6. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

7. Denied for lack of information.

8. Iowa Code chapter 676 speaks for itself and this paragraph is otherwise denied.

9. Iowa Code chapter 676 speaks for itself and this paragraph is otherwise denied.

10. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

11. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

12. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

13. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

14. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

15. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

16. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

17. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

18. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

19. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

20. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

21. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

22. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

23. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

24. Iowa law speaks for itself and this paragraph is otherwise denied.

25. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

26. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

27. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

28. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

29. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

30. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

31. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

32. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

33. Denied for lack of information.

34. The FTC's rules speak for themselves and this paragraph is otherwise denied.

35. The FTC's rules speak for themselves and this paragraph is otherwise denied.

36. Admitted that Iowa Student Loan was established in 1979 by proclamation of Governor Ray to serve as Iowa's state-based secondary market for federal student loans. This paragraph is otherwise denied.

37. Admitted that Iowa Student Loan is a nonprofit corporation, Iowa Student Loan's board is appointed by the Governor, Iowa Student Loan and ICSAC are both involved in student loans in Iowa, and that Iowa Student Loan has a wholly owned for-profit subsidary, Aspire Resources Inc., that services student loans. This paragraph is otherwise denied for lack of information.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied for lack of information.

43. Admitted, with the exception that the filing date was July 18, 2016, not July 19, 2016.

44. Admitted the judgment related to a private student loan first disbursed on September 4, 2004, while Plaintiff was attending the Vatterot College. This paragraph is otherwise denied for lack of information.

45. Admitted that Plaintiff signed a confession of judgment on June 21, 2012. This paragraph is otherwise denied for lack of information.

46. Denied.

47. The confession of judgment speaks for itself and this paragraph is otherwise denied.

48. The confession of judgment speaks for itself and this paragraph is otherwise denied.

49. Denied.

50. Admitted that Plaintiff made some payments but then defaulted. This paragraph is otherwise denied for lack of information.

51. Admitted that the confession of judgment was filed in case number LACL135604. This paragraph is otherwise denied for lack of information.

52. The affidavit speaks for itself and this paragraph is otherwise denied.

53. Denied.

54. Denied.

55. Admitted that Iowa Student Loan executed on its judgment. This paragraph is otherwise denied.

**COUNT I – DECLARATORY & INJUNCTIVE RELIEF**

56. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

57. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

58. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

59. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

**COUNT II – CONSUMER FRAUD**

64. The statute speaks for itself and this paragraph is otherwise denied.

65. The statute speaks for itself and this paragraph is otherwise denied.

66. The statute speaks for itself and this paragraph is otherwise denied.

67. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

68. Denied.

69. The statute speaks for itself and this paragraph is otherwise denied.

70. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

71. The FTC's regulation speaks for itself and this paragraph is otherwise denied.

72. Denied for lack of information.

73. Denied.

74. The statute speaks for itself and this paragraph is otherwise denied.

75. Denied.

**COUNT III – DEPRIVATION OF DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION – 42 U.S.C. § 1983.**

76. Denied.

77. Denied.

78. Denied.

79. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

80. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

81. Denied that Plaintiff is entitled to any such relief.

## COUNT IV – UNJUST ENRICHMENT

82. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

83. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

84. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

85. Denied.

WHEREFORE, Defendant Iowa Student Loan Liquidity Corporation prays that Plaintiff's Petition be dismissed, with costs assessed against Plaintiff.

## FURTHER ANSWERS AND DEFENSES

1. The Petition, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. Any allegation not specifically admitted herein is denied.

3. Plaintiff has failed to allege fraud with sufficient particularity.

4. Plaintiff's claims are barred by the applicable limitations period.

5. Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, and/or unclean hands.

6. Plaintiff's claims for punitive and aggravated damages are barred because such an award would violate Iowa Student Loan's due process, equal protection, and other rights under the United States Constitution, the Iowa Constitution, and/or other applicable state constitutions.

7. Plaintiff's claims for punitive and aggravated damages are barred because Plaintiff has failed to allege conduct warranting imposition of such damages under the laws of Iowa.

8. Plaintiff's claims are barred in whole or in part by Plaintiff's own failure to mitigate damages.

9. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by Iowa Student Loan

10. Plaintiff's consumer fraud claim against is barred because Iowa Student Loan did not engage in any "unfair practice" in connection with the sale of "merchandise" as defined in Iowa Code chapter 714H.

11. Plaintiff's consumer fraud claim is barred because Plaintiff did not suffer a substantial, "unavoidable injury" within the meaning of Iowa Code chapter 714H.

12. Plaintiff's consumer fraud claim against is barred because any risk of harm to Plaintiff was outweighed by the countervailing consumer or competitive benefits within the meaning of Iowa Code chapter 714H.

13. Plaintiff's consumer fraud claim is barred by Iowa Code § 714H.4.

14. Iowa Student Loan is not a state actor subject to § 1983 liability.

15. The existence of an express contract precludes Plaintiff's unjust enrichment claim.

16. Iowa Student Loan hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer to assert such defenses.

*/s/ Jason M. Craig*
Jason M. Craig (AT0001707)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone: (515) 243-7611
Facsimile: (515) 243-2149
jcraig@ahlerslaw.com
ATTORNEYS FOR DEFENDANT IOWA STUDENT LOAN LIQUIDITY CORPORATION

**Electronically filed and served:**

Jayme Wiebold
Alex Kornya
Iowa Legal Aid
666 Walnut St., 25th Floor
Des Moines, Iowa 50309
jwiebold@iowalaw.org
akornya@iowalaw.org
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on: 12/20/23

By: ☐ U.S. Mail ☐ Fax
☐ Hand delivery ☐ Private Carrier
☒ Electronically (*via CM-ECF)* ☒ E-mail

Signature: */s/ Jason M. Craig*