IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JANTZEN MASON, JEFFERY CARSTENSEN, CASSANDRA MARIE GIBSON, AMANDA MCDONALD, AND LILIANA ZAMBRANO, | **No. 4:23-cv-00515-RGE-WPK** |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' MOTION TO REMAND** |
| IOWA STUDENT LOAN LIQUIDITY CORPORATION, | |
| Defendant. | |

## I.    INTRODUCTION

Plaintiffs Jantzen Mason, Jeffery Carstensen, Cassandra Marie Gibson, Amanda McDonald, and Liliana Zambrano sue defendant Iowa Student Loan Liquidity Corporation (ISLLC) in this consolidated matter. Plaintiffs challenge the constitutionality, and ISLLC's use, of Iowa's confession-of-judgment statue, Iowa Code Chapter 676. Plaintiffs also allege state law claims. Plaintiffs move to remand the present consolidated matter to the respective Iowa District Courts from which the individual cases were removed. Plaintiffs argue the Court lacks subject-matter jurisdiction over Count One under the *Rooker–Feldman* doctrine, and should decline to exercise supplemental jurisdiction over state law claims. Plaintiffs also argue the Court should abstain under the *Colorado River* doctrine regarding the remaining federal claims. Defendants argue *Rooker–Feldman* does not apply, and even if it does, the Court should retain jurisdiction over the remaining claims.

For the below reasons, the Court denies Plaintiffs' motion to remand.

## II.    BACKGROUND

Plaintiffs bring the current consolidated matter for claims arising from ISLLC's use of

Iowa's confession-of-judgment statute, Iowa Code Chapter 676. Plaintiffs originally filed separate suits in Iowa District Courts alleging similar causes of action against ISLLC. *See* Br. Supp. Joint Mot. Consolidate 1, 3, ECF No. 15-1. ISLLC removed these cases to federal court. *See id.* The parties then filed a joint motion to consolidate the removed cases. Joint Mot. Consolidate, ECF No. 15. The Court granted the motion. Text Order Grant. Joint Mot. Consolidate, ECF No. 18.

In Count One, Plaintiffs[1] challenge the constitutionality, and ISLLC's use, of Iowa's confession-of-judgment statue, Iowa Code Chapter 676. ECF No. 1-2 ¶¶ 56–63; Iowa Code § 676 *et seq.* Plaintiffs allege the confessions of judgment are void for lack of personal jurisdiction and on as-applied due process grounds under the Fourteenth Amendment of the United States Constitution and Article I, Section Nine of the Iowa Constitution. *Id.* ¶¶ 58, 60; *see* U.S. Const. amend. XIV; Iowa Const. art. I, § 9. Plaintiffs further allege in Count One that the statute is facially unconstitutional for a denial of due process under the United States and Iowa Constitutions. ECF No. 1-2 ¶ 59; *see* U.S. Const. amend. XIV; Iowa Const. art. I, § 9.

In Count Three, Plaintiffs seek damages under 42 U.S.C. § 1983 for a deprivation of due process of law. ECF No. 1-2 ¶¶ 76–81. In Counts Two and Four, Plaintiffs allege ISLLC's actions constitute consumer fraud and unjust enrichment under Iowa law. *Id.* ¶¶ 64–75 (Count Two), 82–85 (Count Four).

Plaintiffs collectively move to remand the consolidated cases to the Iowa District Courts

---

[1] Jurisdiction is determined at the time of removal. *Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 959 (8th Cir. 2014). As such, the Court looks to Mason's original petition to determine if the Court has jurisdiction. *See* Pet., ECF No. 1-2. The current motion to remand, however, was brought after all Plaintiffs' cases were consolidated. *See* ECF No. 15. Because all Plaintiffs' original petitions filed in Iowa District Courts allege the same claims and consist of substantially similar factual allegations, the Court's analysis to its jurisdiction over Mason's case applies to all Plaintiffs' cases. *Compare* ECF No. 1-2, *with* Pet., *McDonald v. Iowa Student Loan Liquidity Corporation*, No. 4:24-cv-00134-RGE-WPK (S.D. Iowa), ECF No. 1-2, *and* Pet., *Zambrano v. Iowa Student Loan Liquidity Corporation*, No. 3:23-cv-00086-RGE-WPK (S.D. Iowa), ECF No. 1-2, *and* Pet., *Gibson v. Iowa Student Loan Liquidity Corporation*, No. 4:24-cv-00135-RGE-WPK (S.D. Iowa), ECF No. 1-2. As such, the Court references "Plaintiffs" collectively in its analysis.

from which ISLLC removed them. Pls.' Mot. Remand, ECF No. 19. ISLLC resists. Def.'s Resist. Pls.' Mot. Remand, ECF No. 20.

## III.    LEGAL STANDARD

"[F]ederal courts are courts of limited jurisdiction." *United States v. Afremov*, 611 F.3d 970, 975 (8th Cir. 2010). Under 28 U.S.C. § 1331, federal district courts have jurisdiction over cases arising out of federal law—including federal statutes and the United States Constitution. *Cagle v. NHC Healthcare-Maryland Heights, LLC*, 78 F.4th 1061, 1066 (8th Cir. 2023). A federal court can exercise supplemental jurisdiction over state claims when those claims and the federal claims over which the court has jurisdiction "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); 28 U.S.C. § 1367(a).

Removal is permitted in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). An action "may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* "Defendants may remove civil actions to federal court only if the claims could have been originally filed in federal court." *Cent. Iowa Power Co-op. v. Midwest Indep. Transm. Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). Following removal, a plaintiff seeking to remand the case to state court may move to remand the case "at any time before final judgment [if] it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "The party seeking removal has the burden to establish federal subject-matter jurisdiction." *Kellum v. Gilster-Mary Lee Corp. Grp. Health Benefit Plan*, 115 F.4th 849, 852 (8th Cir. 2024). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand." *Cent. Iowa Power*, 561 F.3d at 912. "Removal based on 'federal-question jurisdiction is governed by the "well-pleaded-complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

## IV.    DISCUSSION

Plaintiffs seek remand of this consolidated action to the respective Iowa District Courts where each petition was originally filed. ECF No. 19. Plaintiffs argue the Court lacks subject-matter jurisdiction over Count One of the consolidated action because of the *Rooker–Feldman* doctrine. *See* ECF No. 19-1 at 1–15. If the Court finds it lacks jurisdiction over Count One, Plaintiffs assert the Court should abstain from exercising jurisdiction over the remaining federal claims under the *Colorado River* abstention doctrine. *Id.* at 15–17. Finally, Plaintiffs argue the Court should exercise its discretion and decline supplemental jurisdiction over the state claims if the Court remands Count One and either remands or stays Count Three. *Id.* at 18–19.

ISLLC argues the Court has jurisdiction over Count One because it is separable from and collateral to the merits of a state-court judgment. ECF No. 20 at 6–9. ISLLC additionally asserts Count One is not precluded under *Rooker–Feldman* because Plaintiffs did not have a reasonable opportunity to raise their federal claims before their respective state courts. *Id.* at 9–11. ISLLC also makes a passing argument that Plaintiffs' confessions of judgment are not final. *Id.* at 6 n.3. If *Rooker–Feldman* does apply to Count One, ISLLC argues the Court should retain jurisdiction over the remaining claims and decide them before remanding Count One to the separate state courts. *Id.* at 11–13.

The Court first addresses Plaintiffs' arguments concerning *Rooker–Feldman*, then the *Colorado River* abstention doctrine, and finally supplemental jurisdiction.

### A.    *Rooker–Feldman* Doctrine

Federal appellate jurisdiction over state court judgments resides solely with the Supreme Court. 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court."). The *Rooker–Feldman* doctrine, an application of § 1257, prevents a federal district court from exercising subject-matter jurisdiction as a *de facto* appellate court over state court judgments. *See D.C. Court of Appeals v.*

*Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415 (1923) ("If the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them; . . . [i]f the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding."). The *Rooker–Feldman* doctrine prevents a federal district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This doctrine occupies a "narrow ground." *Id.* "The doctrine applies only in limited circumstances where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Kvalvog v. Park Christian Sch., Inc.*, 66 F.4th 1147, 1152 (8th Cir. 2023) (quoting *Lance v. Dennis*, 546 U.S. 459, 466 (2006) (cleaned up)).

The *Rooker–Feldman* doctrine also excludes issues that are "inextricably intertwined" with state-court claims. *Robins v. Ritchie*, 631 F.3d 919, 925 (8th Cir. 2011). "Federal claims are inextricably intertwined with state-court claims if the federal claims can succeed only to the extent the state court wrongly decided the issues before it." *Id.* However, a claim "is not precluded if it is 'separable from and collateral to the merits of the state-court judgment.'" *Prince v. Arkansas Bd. of Exam'rs in Psych.*, 380 F.3d 337, 341 (8th Cir. 2004) (citations omitted). A claim may also not be precluded "where federal plaintiffs have not been given a reasonable opportunity to raise their federal claims in the state proceedings." *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004); *see also Kelley v. Med-1 Sols., LLC*, 548 F.3d 600, 605 (7th Cir. 2008) ("[I]f a plaintiff lacked a reasonable opportunity to litigate its claims in state court, then the federal lawsuit can proceed.").

In Count One, Plaintiffs allege their confessions of judgment are void for lack of personal jurisdiction and because Chapter 676 is facially unconstitutional and as applied to them. ECF

No. 19 ¶¶ 73–79. Plaintiffs notably do not contend that the Iowa District Courts misinterpreted Chapter 676 of the Iowa Code, nor that the state courts made incorrect findings of fact. As such, Plaintiffs are not inviting this Court to sit in a direct appellate position over the Iowa District Courts and to "review and reject[ ] . . . [their] judgments." *Exxon*, 544 U.S. at 284; *see also Kvalvog*, 66 F.4th at 1152 ("The doctrine applies only in limited circumstances where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court."). Plaintiffs, in their own words, are "collaterally attack[ing] jurisdictionally void judgments . . . through an original equitable action." ECF No. 19-1 at 9–10. As such, the only way *Rooker–Feldman* may apply is if the current action is an "indirect attempt[ ] . . . to 'undermine state court decisions.'" *Prince*, 380 F.3d at 340 (citation omitted). For this to occur, the present case must be "inextricably intertwined" with the confessions of judgment. *Robins*, 631 F.3d at 925.

The present case is not inextricably intertwined with the confessions of judgment because Plaintiffs did not have a reasonable opportunity to raise their federal claims before the state courts where their confessions of judgment were filed. *See Simes*, 354 F.3d at 827. Plaintiffs do not address this argument in their original motion, nor in their reply. *See* ECF No. 19; Pls.' Reply Supp. Mot. Remand, ECF No. 22. Rather, Plaintiffs state they are seeking "to *directly* overturn confessions of judgment that are treated as functionally equivalent to any other state court judgment in Iowa, because they were obtained in a way that violated constitutional guarantees of due process." ECF No. 22 at 2 (emphasis added).[2] This, however, misstates Count One—namely

---

[2] Plaintiffs also argue the inextricably intertwined test likely is no longer applicable in the Eighth Circuit after *Exxon*. ECF No. 22 at 2 (first citing *Prince*, 380 F.3d at 340; and then *Dodson v. Univ. of Ark. for Med. Scis.*, 601 F.3d 750, 756–59 (8th Cir. 2010) (Judge Melloy Concurring)). However, the Eighth Circuit has referenced the test and other district courts in the Eighth Circuit have applied the test post-*Exxon*. *See Shelby v. Missouri Dep't of Corr.*, No. 4:24-CV-00759-CDP, 2024 WL 4679075, at *3 (E.D. Mo. Nov. 5, 2024) (stating the plaintiffs' constitutional claims were "inextricably intertwined"); *Dodson*, 601 F.3d at 754 (the Eighth Circuit noting, post-*Exxon*, the district court found the complaint "inextricably intertwined" with state-court proceedings but not overruling the test). Even if this test were overturned, *Exxon* represented a narrowing of the *Rooker–Feldman* doctrine, not an expansion of it. *See Exxon*, 544 U.S. at 284. If

that Plaintiffs brought forth "an original equitable action" to "collaterally attack jurisdictionally void judgments." ECF No. 19 at 9–10; ECF No. 1-2 ¶ 56 ("A judgment entered without jurisdiction is subject to collateral attack."). Plaintiffs allege various reasons why Chapter 676 violates procedural due process. ECF No. 1-2 ¶ 28. Of note, Plaintiffs allege they were not provided notice of the lawsuit, had "[n]o opportunity for a hearing of any kind," and had "[n]o opportunity to otherwise vacate a wrongfully entered judgment by confession." *Id.* ¶ 28(a)–(b), (d). These allegations, accepted as true at this stage of the proceedings, mean Plaintiffs were not afforded a reasonable opportunity to present their federal claims before the respective state courts. As such, *Rooker–Feldman* does not apply. *Cf. Simes*, 354 F.3d at 827; *see also Skit Int'l, Ltd. v. DAC Techs. of Arkansas, Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007) (explaining *Simes* and stating, "Because the federal claims had not been dealt with in the state decision, subsequent consideration of them by a federal district court could not amount to appellate review of the state court's decision.").

Lastly, Plaintiffs point to language in *Prince* which states that "[a] claim does not undermine the state court judgment if it merely challenges the constitutionality of a legislative act by a rulemaking body, but if the litigant's interest in having the rule or regulation set aside 'is *inseparable* from his interest in upsetting a particular state court judgment based on that rule,' the challenge is no longer independent." ECF No. 22 at 2 (emphasis added) (quoting *Prince*, 380 F.3d at 341). This language, however, applies to whether a claim is "*separable from* and collateral to the merits of the state-court judgment"—not to whether the plaintiffs had a reasonable opportunity to raise their federal claims before the state court. *Prince*, 380 F.3d at 341 (emphasis added). Because the Court's above analysis does not rely on this aspect of the inextricably

a federal district court had subject-matter jurisdiction prior to *Exxon*, then the court almost certainly has jurisdiction post-*Exxon.*

intertwined test, this argument fails.[3]

### B.    *Colorado River* Abstention Doctrine

The *Colorado River* abstention doctrine permits a federal district court to abstain from hearing a case when parallel litigation is pending in state court and exceptional circumstances warrant abstention. *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009) (discussing *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817–18 (1976)). Because the Court has jurisdiction over Count One and is not remanding it to state court, there is no parallel litigation. The *Colorado River* abstention doctrine thus does not apply.

### C.    Supplemental Jurisdiction

A federal court may exercise supplemental jurisdiction over a state law claim when it derives from a common nucleus of operative fact shared with a federal law claim. *Gibbs*, 383 U.S. at 725. A court may nonetheless decline to exercise supplemental jurisdiction over a claim if

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In addition to these factors, a federal district court should also consider "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Here, all of Plaintiffs' claims arise from ISLLC's use of Iowa's confession of judgment statute. *See* ECF No. 1-2 ¶¶ 73–104. Plaintiffs' state law claims for consumer fraud and unjust enrichment thus derive from a common nucleus of operative fact shared with the federal claims. *Cf. Gibbs*, 383 U.S. at 725; ECF No. 1-2 ¶¶ 64–75 (consumer fraud), 82–85 (unjust enrichment). These are not unique claims which raise a novel issue, nor would their

---

[3] The rejection of a jurisdictional challenge under *Rooker–Feldman* does not cut off future arguments concerning preclusion doctrines. *See Exxon*, 544 U.S. at 284 ("*Rooker–Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.").

inclusion substantially predominate over the federal claims. There are also no exceptional circumstances alleged warranting denial of jurisdiction over the state claims. *See* ECF No. 19 at 18–19. In the exercise of judicial economy, convenience to the parties, and fairness, the Court retains supplemental jurisdiction over the state law claims. *Cf. Carnegie-Mellon*, 484 U.S. at 350.

ISLLC has met its burden in establishing the Court has jurisdiction. *Cf. Kellum*, 115 F.4th at 852.

As such, the Court denies Plaintiffs' motion to remand.

## V.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs Jantzen Mason, Jeffery Carstensen, Cassandra Marie Gibson, Amanda McDonald, and Liliana Zambrano's Motion to Remand, ECF No. 19, is **DENIED.**

**IT IS SO ORDERED**.

Dated this 6th day of December, 2024.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE