**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| JANTZEN MASON and JEFFERY CARSTENSEN, et al., | CASE NO. 4:23-cv-00515-RGE-WPK |
| Plaintiffs, | (3:23-cv-00086-RGE-WPK) (4:24-cv-00134-RGE-WPK) (4:24-cv-00135-RGE-WPK) |
| v. | |
| IOWA STUDENT LOAN LIQUIDITY CORPORATION, | **DEFENDANT'S OBJECTIONS TO MAGISTRATE'S ORDER AND REQUEST FOR STAY OF CLASS CERTIFICATION PROCEEDINGS AND DISCOVERY** |
| Defendant. | |

Defendant Iowa Student Loan Liquidity Corporation ("ISLLC"), pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72A, hereby objects to Magistrate Judge Kelly's order (ECF No. 67) granting Plaintiffs' motion for leave to file consolidated class action complaint and to continue deadlines (ECF No. 54). Alternatively, ISLLC requests the Court stay any class certification proceedings or discovery pending the Court's ruling on ISLLC's motion for summary judgment (ECF No. 66).

## <u>TABLE OF CONTENTS</u>

Background Facts and Proceedings ................................................................................................. 2

Argument ....................................................................................................................................... 5

    1.    Magistrate Judge Kelly erred in finding good cause for Plaintiffs' late amendment .............................................................................................................. 6

    2.    Magistrate Judge Kelly erred in finding the amendment would not cause significant prejudice to ISLLC .............................................................................. 10

    3.    Alternatively, the Court should stay class certification proceedings and discovery pending a ruling on ISLLC's motion for summary judgment .............. 12

Conclusion .................................................................................................................................... 15

## BACKGROUND FACTS AND PROCEEDINGS

In this consolidated action, Plaintiffs challenge the constitutionality of ISLLC's use of the confession of judgment statute, Iowa Code chapter 676, to obtain judgments against Plaintiffs in state court. Plaintiffs have private student loans with ISLLC. ECF No. 1-2 at ¶ 44[1]. After defaulting on their loans, Plaintiffs entered into settlement agreements with ISLLC which included payment plans. *Id.* at ¶¶ 47-48. Plaintiffs also executed confessions of judgment for the balance owed on the loans which would be held by ISLLC and filed only in the event Plaintiffs defaulted on their payment plans. *Id.* at ¶¶ 45-48. After failing to make the payments required by the settlement agreements, ISLLC filed the confessions of judgment in state court and thereafter attempted to execute on the judgments. *Id.* at ¶¶ 50-51, 55.

In November 2023[2], the original four Plaintiffs (Mason, Zambrano, McDonald, and Gibson) filed nearly identical lawsuits against ISLLC in Iowa state court. ECF No. 1-2. Plaintiff Carstensen was later added as an additional plaintiff. ECF No. 38. Iowa Legal Aid represented all five of the Plaintiffs, and all five Plaintiffs asserted the same claims. Count I seeks declaratory and injunctive relief that Iowa Code chapter 676 is "facially unconstitutional, as a denial of due process of law under the 14th Amendment of the United States Constitution and Article I, Section 9 of the Iowa Constitution," and the confessions of judgment are "jurisdictionally void on as-applied due process grounds." ECF No. 1-2 at ¶¶ 59-60. Count II asserts a claim for damages under the Iowa Consumer Fraud Act, Iowa Code chapter 714H, alleging that ISLLC's use of confessions of judgment constituted a deceptive and unfair practice

---

[1] Where the docket number is the same in all four lawsuits, Iowa Student Loan will just cite to one docket number. If the docket number is different in the four lawsuits, Iowa Student Loan will separately cite to the docket number in each case.

[2] Mason filed on November 21, 2023. ECF No. 1-2. Zambrano filed on November 20, 2023. ECF No. 1-2 in 3:23-cv-00086. McDonald filed on November 22, 2023. ECF No. 1-2 in 4:24-cv-00134. Gibson filed on November 13, 2023. ECF No. 1-2 in 4:24-cv-00135.

under the Act. *Id.* at ¶¶ 68-73. Count III asserts a claim for damages under 42 U.S.C. § 1983, alleging that ISLLC acted under color of state law when it deprived Plaintiffs of due process of law by "utilizing a statutory process that is facially unconstitutional" and "obtaining a confession of judgment that was … not voluntarily, intelligently, or knowingly given." *Id.* at ¶¶ 76-77. Count IV asserts a claim for unjust enrichment/restitution, seeking reimbursement of all amounts collected by ISLLC on the confessions of judgment. *Id.* at ¶ 85. ISLLC was served with the four lawsuits on November 28, 2023. ECF No. 1-3; ECF No. 1-3 in 3:23-cv-00086; ECF No. 1-5 in 4:24-cv-00134; ECF No. 1-6 in 4:24-cv-00135.

 On December 20, 2023, ISLLC timely removed all four lawsuits to federal court on the basis of federal question jurisdiction. ECF No. 1. Subsequently, the four cases were consolidated at the joint request of the parties. ECF No. 18; ECF No. 20 in 3:23-cv-00086; ECF No. 20 in 4:24-cv-00134; ECF No. 22 in 4:24-cv-00135.

On February 21, 2024, the court held a telephonic scheduling conference with counsel for the parties. ECF No. 8 in 4:23-cv-00515; ECF No. 9 in 3:23-cv-00086. The court and the parties discussed, among other things, that Plaintiffs believed the court lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine and Plaintiffs intended to seek remand to state court. *Id.* There was also specific discussion about the deadline for amending pleadings. Plaintiffs requested an amend pleadings of September 17, 2024, approximately 240 days after the parties' Rule 26(f) conference. ISLLC objected to such an extended deadline because of the potential impact it could have on the other deadlines. Ultimately, the court adopted an amend pleadings deadline of July 17, 2024, which was 180 days after the parties' Rule 26(f) conference and still three times longer than the standard 60-day deadline. ECF No. 9 in 4:23-cv-00515; ECF No. 10 in 3:23-cv-00086. The court also established a discovery completion deadline of

February 18, 2025, a dispositive motions deadline of March 17, 2025, and a trial date of August 18, 2025. *Id.*

On July 1, 2024, Plaintiffs filed their motion to remand. ECF No. 19. ISLLC resisted. ECF No. 20. On December 6, 2024, the court denied the motion to remand. ECF No. 53.

On October 1, 2024, attorney Alexander Kornya filed an amended appearance indicating that he had left Iowa Legal Aid and was now affiliated with the Legal Aid Justice Center in Charlottesville, Virginia. ECF No. 36. On October 14, 2024, five new attorneys entered appearances on behalf of the Plaintiffs: Melissa Hasso and Emily Wilson with the Sherinian, Hasso, and Wilson Law Firm in Des Moines, and Toby Marshall, Blythe Chandler, and Elizabeth Adams with the Terrell Marshall Law Group in Seattle, Washington. ECF Nos. 40-44. The Iowa Legal Aid attorneys then withdrew from the case. ECF Nos. 45, 47-49.

On December 16, 2024, Plaintiffs' new counsel filed a motion for leave to file consolidated class action complaint and to continue case deadlines. ECF No. 54. The motion sought to convert the case into a Rule 23 class action on behalf of at least 1,000 putative class members. ECF No. 54-2 at ¶ 134. The motion also sought to extend the discovery deadline from February 18, 2025, to June 26, 2026 (approximately 16 months), and continue the trial date from August 18, 2025, to January 11, 2027 (approximately 17 months). ECF No. 54-1 at 15-16. This was the third amended complaint sought to be filed by Plaintiffs. *See* ECF Nos. 21, 24, 34. ISLLC consented to the prior two amendments because they did not change the nature of the lawsuit and would not result in a disruption of the current schedule.

The third motion was different, however. Because it would fundamentally alter the nature of the case, impose significant additional cost burdens on ISLLC, and extend the duration of the litigation by almost a year and a half, and because it was filed five months after the amend

pleadings deadline and without any good cause for the belated amendment, ISLLC resisted.  ECF No. 59.

On March 14, 2025, ISLLC filed its motion for summary judgment, seeking dismissal of all of Plaintiffs' claims.  ECF No. 66.

On March 26, 2025, Magistrate Judge Kelly filed an order granting Plaintiffs' motion for leave to file consolidated class action complaint.  ECF No. 67.  Magistrate Judge Kelly found good cause for the belated amendment because (1) the cases were originally filed in separate counties by separate attorneys, (2) Plaintiffs' motion to remand was pending at the time the amend pleadings deadline passed, and (3) Plaintiffs' prior counsel, Iowa Legal Aid, was statutorily prohibited from filing a class action lawsuit.  ECF No. 67 at 9.  Magistrate Judge Kelly also found that ISLLC would not suffer significant prejudice as a result of the amendment because the amendment would not alter the legal claims at issue in the lawsuit.  *Id.*

Because Magistrate Judge Kelly's order is clearly erroneous and contrary to Eighth Circuit case law, ISLLC objects to the order and requests that the district court reverse it, *see* Local Rule 72A, or, alternatively, stay any further proceedings pending the Court's ruling on ISLLC's potentially dispositive motion for summary judgment.

## ARGUMENT

"A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law." *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) (citing 28 U.S.C. § 636(b)(1)(A)).  "A ruling is clearly erroneous where 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Haviland v. Cath. Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1042–43 (S.D. Iowa 2010) (quoting

*United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). "An order is contrary to law if it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.' " *Id.* at 1043 (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)). To seek reconsideration, a party "must file specific, written objections to the order … within 14 days after service of the order" and "arrange promptly for a transcription of all portions of the record the district court will need to rule on the objections." Local Rule 72A.

ISLLC's objections are filed within 14 days of Magistrate Judge Kelly's March 26, 2025, order, and no hearing was held on the motion so no transcript is necessary. As set forth below, ISLLC objects to Magistrate Judge Kelly's order as clearly erroneous and contrary to law in finding that (1) Plaintiffs demonstrated good cause for their late amendment, and (2) ISLLC would not be prejudiced by the amendment.

## 1. Magistrate Judge Kelly erred in finding good cause for Plaintiffs' late amendment.

Because Plaintiffs' motion was filed five months after the deadline to amend pleadings, Plaintiffs were required to demonstrate "good cause" for their late amendment. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008); Fed. R. Civ. P. 16(b). The primary measure of good cause under Rule 16(b) "is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). "[G]ood cause for a belated amendment under Rule 16(b) requires a showing that, despite the diligence of the movant, the belated amendment could not reasonably have been offered sooner." *Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 590 F. Supp. 2d 1093, 1100 (N.D. Iowa 2008). "Where there has been 'no change in the law, no newly discovered facts, or any other changed circumstance … after the scheduling deadline for amending pleadings,' then we may conclude

that the moving party has failed to show good cause." *Hartis v. Chicago Title Ins. Co.*, 695 F.3d 935, 948 (8th Cir. 2012) (quoting *Sherman*, 532 F.3d at 718).

Plaintiffs argued there was good cause for the late amendment because "[a]fter the Terrell Marshall and Hasso & Wilson firms appeared on Plaintiffs' behalf in October 2024, and Iowa Legal Aid withdrew from the consolidated case, it became apparent that this matter may be well-suited to the class action procedures of Rule 23." ECF No. 54-1 at 10. However, filing a case as a class action is a tactical decision, and a change in tactics does not constitute good cause. *Hartis*, 694 F.3d at 949. " 'Good cause' is not established when, after the deadline for filing motions to amend pleadings, a party simply rethinks its position and decides to plead its case differently." *SmithCo Mfg. Inc. v. Haldex Brake Prods. Corp.*, 267 F.R.D. 250, 254 (N.D. Iowa 2010).

Similarly, the Eighth Circuit has held that "appointment of new counsel is not good cause for filing an untimely motion." *United States v. Dabney*, 42 F.4th 984, 989 (8th Cir. 2022); *see also E. Iowa Plastics, Inc. v. P.I., Inc.*, No. C12-2088, 2014 WL 2877200, at *2 (N.D. Iowa June 24, 2014) ("[T]he Court does not believe that switching attorneys during the course of the litigation constitutes good cause for an extension of the deadlines established in the Scheduling Order."). A contrary rule would allow litigants to "freely change counsel in order to return a case to its inception, a prospect that is distinctly at odds with the mandate of Rule 1, Federal Rules of Civil Procedure." *Tenth Floor, LLC v. Marzan*, No. CV 06-687 (PJS/RLE), 2006 WL 8445356, at *2 (D. Minn. Aug. 23, 2006).

In the order, Magistrate Judge Kelly recognized that "a change in counsel is typically not good cause," but nonetheless found that this case presented "unique overarching circumstances" that took it outside the general rule:

For starters, not only did these cases begin as separate cases, but they were also originally filed by separate Iowa Legal Aid attorneys in separate counties. Moreover, a Motion to Remand by Plaintiffs was still pending when the Motion to Amend deadline passed, and the Plaintiffs were still represented by counsel who were statutorily prohibited from filing a class action lawsuit at that time. Those two facts weigh heavily in this analysis.

ECF No. 67 at 9. Magistrate Judge Kelly's conclusion that these factors demonstrated good cause was clearly erroneous.

First, the plaintiffs were not represented by separate attorneys. Alex Kornya represented each of the plaintiffs in their individual cases and continues to represent all of the plaintiffs in the consolidated action. In fact, in arguing that consolidation of the four cases was appropriate, the parties represented to the Court that "all four cases where consolidation is sought involve the same Defendant, **same counsel**, and same claims." ECF No. 15-1 at 3 (emphasis added). It is also unclear how the cases originally being filed in separate counties is material to the good cause analysis. All four cases were removed to federal court in December 2023, *see* ECF No. 1, well before the scheduling order was entered on March 7, 2024. *See* ECF No. 9. When the parties filed their motion to consolidate the four cases on May 3, 2024, they requested that the cases be subject to the "single schedule" previously adopted in Case Nos. 4:23-cv-00515 and 3:23-cv-00086. ECF No. 15-1 at 3. The four cases were formally consolidated by text order dated June 28, 2024, *see* ECF No. 18, which was still several weeks before the amend pleadings deadline of July 17, 2024. Plaintiffs never argued that consolidating the four cases supplied the "good cause" justifying their late amendment. *See* ECF No. 54-1, 61. Such an argument would have been belied by Plaintiffs waiting nearly six months after the cases were consolidated to file their motion for leave to file consolidated class action complaint.

Second, the fact that "a Motion to Remand by Plaintiffs was still pending when the Motion to Amend deadline passed" also does not constitute good cause. The motion to remand

was based on alleged lack of subject matter jurisdiction, which cannot be waived. *Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020). Accordingly, Plaintiffs could have filed their motion for leave to file consolidated class action complaint without fear that it would result in waiver of their remand arguments. In fact, Plaintiffs did just that, filing two other motions to amend on July 17, 2024, and August 12, 2024, while the motion to remand was still pending. *See* ECF Nos. 21, 24. Plaintiffs' decision to wait until after the motion to remand was ruled upon to file the motion for leave to file consolidated class action complaint "is fully [Plaintiffs'] prerogative, but it hardly constitutes good cause for an extremely tardy pleading-amendment motion." *Hartis*, 694 F.3d at 949.

And finally, the fact that "Plaintiffs were still represented by counsel who were statutorily prohibited from filing a class action lawsuit" at the time the amend pleadings deadline passed likewise does not constitute good cause. The only thing that changed in October 2024 was that attorney Alex Kornya chose to leave Iowa Legal Aid for a position at the Legal Aid Justice Center in Charlottesville, Virginia, an organization that apparently does not have the same restrictions as Iowa Legal Aid. *See* ECF Nos. 36, 54-1 at 10. Attorney Kornya then enlisted the Terrell Marshall and Hasso & Wilson law firms to appear in the case and pursue class action status. Neither the Plaintiffs, nor Magistrate Judge Kelly, cite any authority that an attorney's unilateral decision to join a new firm and pursue a new tactical strategy eleven months into a lawsuit constitutes good cause for a plaintiff's late amendment. *See, e.g., Rogers v. Medicredit, Inc.*, No. 4:12-CV-2277 CEJ, 2013 WL 4496278, at *3 (E.D. Mo. Aug. 21, 2013) ("Plaintiff's second reason—*i.e,* the retention of new legal counsel 'who clearly believes that a class action is the proper avenue to pursue in the circumstances of this case and that it is necessary to add three previously unnamed parties,'—is also not sufficient to establish good cause for amendment.").

As noted above, the primary measure of good cause under Rule 16(b) "is the movant's diligence in attempting to meet the order's requirements." *Rahn*, 464 F.3d at 822. Counsel for Plaintiffs has known since the outset of this litigation that there are "hundreds" of borrowers subject to confessions of judgment filed by ISLLC. *See* ECF No. 1-2 at ¶ 40. If counsel for Plaintiffs believed that this case was "well-suited to the class action procedures of Rule 23," then it was incumbent upon counsel to explore that possibility with their clients *prior* to the expiration of the amend pleadings deadline. *See Sherman*, 532 F.3d at 718 ("Had Winco been diligent, it would have performed this research at the outset of the litigation, and at the very least prior to the scheduled deadline for adding affirmative defenses."). There was absolutely nothing stopping Plaintiffs from firing Iowa Legal Aid and hiring the Terrell Marshall and Hasso & Wilson law firms in June 2024 as opposed to waiting until October 2024. Yet, Plaintiffs' filings in support of their motion failed to explain what, if anything, was done to explore the possibility of converting this case into a class action prior to the amend pleadings deadline. *See* ECF Nos. 54-1, 61. Without that information, it was clear error for Magistrate Judge Kelly to conclude that Plaintiffs acted diligently in attempting to meet the amend pleadings deadline.

Because the retention of new counsel and counsel's change in strategy do not qualify as "good cause" under Eighth Circuit precedent, Magistrate Judge Kelly clearly erred in granting Plaintiffs' motion and should be reversed.

## 2. Magistrate Judge Kelly erred in finding the amendment would not cause significant prejudice to ISLLC.

Magistrate Judge Kelly also clearly erred in concluding that ISLLC "will not face significant prejudice in allowing the amendment" because "the amendment does not significantly alter the legal claims at issue in the case." ECF No. 67 at 9. The amendment completely changes the nature and scope of this case, converting it from a straightforward five-plaintiff

matter to a complex class action that will include the claims of more than 1,000 individuals. Moreover, discovery was scheduled to close on May 31, 2025, *see* ECF No. 65, and trial was scheduled for August 18, 2025, *see* ECF No. 9.  ISLLC already conducted the discovery it needed and filed its motion for summary judgment on March 14, 2025.  ECF No. 66.

With the granting of Plaintiffs' motion, however, the trial date and pre-trial deadlines have been vacated and the case is essentially starting anew.  ECF No. 67 at 10.  The litigation will be extended by probably two years or more, ISLLC will be subjected to at least another year-and-a-half of discovery, including burdensome class discovery, ISLLC will incur the costs of the class certification process, and the trial will be longer and more complicated.  The Eighth Circuit has held that these factors constitute prejudice sufficient to deny leave to amend.  *See, e.g., Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016) ("Motions that would prejudice the nonmoving party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy' are particularly disfavored."); *Niesse v. Shalala*, 17 F.3d 264, 266 (8th Cir. 1994) (affirming denial of motion to amend to pursue case as a class action where "considerable additional discovery would be required to deal with the question of class certification."); *see also Rogers*, 2013 WL 4496278, at *3 ("The Court believes the defendant would be prejudiced by the delay that would result from need to conduct class discovery.").

Because Magistrate Judge's Kelly's conclusion that ISLLC "will not face significant prejudice in allowing the amendment" is clearly incorrect and contrary to Eighth Circuit case law, the order should be reversed.

**3.    Alternatively, the Court should stay class certification proceedings and discovery pending a ruling on ISLLC's motion for summary judgment.**

As noted above, on March 14, 2025, ISLLC filed a motion for summary judgment which, if granted, would result in dismissal of all of the named Plaintiffs' claims.   ECF No. 66. "Although a district court must determine whether to certify a class at 'an early practicable time' in the litigation, Rule 23(c)(1)(A), it is not uncommon for a district court to rule on a summary judgment motion that will clarify or simplify the litigation prior to ruling on class certification." *Powers v. Credit Mgmt. Servs., Inc.*, 776 F.3d 567, 572 (8th Cir. 2015).   "A prompt grant of defendants' summary judgment motion would … no doubt obviate[e] the need for class certification."  *Id.* at 573.

Accordingly, in the event the Court is not inclined to overrule Magistrate Judge Kelly's order, the Court should ameliorate the prejudice to ISLLC by staying any class action proceedings or class discovery until after the Court rules on ISLLC's pending motion for summary judgment.   Such stays are routinely granted by courts in the interests of judicial economy and because of the lack of prejudice to the plaintiffs and proposed class.  *See, e.g., Arthur Guild, Inc. v. Google, Inc.*, 721 F.3d 132, 134-35 (2nd Cir. 2013) (holding that the issue of class certification would be held in abeyance until after the defendant's fair use defense was resolved because such a decision would "necessarily inform and perhaps moot our analysis of many class certification issues" and "will not prejudice the interests of either party."); *Good v. Altria Grp., Inc.*, 231 F.R.D. 446, 447 (D. Me. 2005) (holding that "[j]udicial economy and an absence of demonstrable prejudice to the Plaintiffs or putative class members" supported granting a stay of further class action proceedings until the court ruled on the potentially dispositive motion for summary judgment); *Hernandez v. Williams, Zinman & Parham, P.C.*, No. CV-12-731-PHX-SMM, 2013 WL 12190180, at *1 (D. Ariz. July 30, 2013) ("Since a

decision on the merits may render all class certification issues moot, the Court may properly refuse to entertain motions for class certification and related discovery until dispositive motions have been resolved."); *Sali v. Zwanger & Pesiri Radiology Grp., LLP*, No. 19 CV 275 (FB) (CLP), 2022 WL 1085508, at *8 (E.D.N.Y. Jan. 10, 2022), *report and recommendation adopted*, No. 2:19-CV-00275-FB-CLP, 2022 WL 819178 (E.D.N.Y. Mar. 18, 2022) (recommending that the defendants' motion to stay all remaining discovery and class certification be granted because "the resolution of the dispositive motion will inform and perhaps moot the question of class certification and there is no prejudice to plaintiff apart from some delay."); *In re Amazon.com, Inc., Fulfillment Ctr. Fair Lab. Standards Act (Flsa) & Wage & Hour Litig.*, No. 3:14-CV-204-DJH, 2016 WL 8203223, at *1–2 (W.D. Ky. Apr. 22, 2016) (granting motion to stay class certification proceedings because "it is more efficient to first determine whether the resolution of Defendants' motion for summary judgment renders Plaintiffs' motion for class certification moot."); *Naltner v. United States*, No. 21-CV-1064, 2023 WL 2416174, at *2 (Fed. Cl. Mar. 8, 2023) (staying class certification proceedings because "[i]t would be inefficient to forge ahead on the class certification question when Plaintiffs' entitlement to relief is not yet decided, especially where, as here, the Summary Judgment Motion will be ripe for adjudication shortly."); *Dickard v. Oklahoma Mgmt. Servs. for Physicians, LLC*, No. 06-5176, 2007 WL 2713220, at *1 (W.D. Ark. Sept. 17, 2007) (granting motion to stay class certification because if the defendant's motion for summary judgment is granted "it is apparent that Plaintiff would not have a continuing personal stake in the outcome of the lawsuit and therefore, the issue of class certification would be moot.").

In the present case, staying any class action proceedings or discovery pending a ruling on ISLLC's motion for summary judgment is in the interests of judicial economy because the

13

Court's ruling on the motion could moot the question of class certification. "If the motion is granted, the stay will have saved time and expense. If not, the stay will have been only for the time necessary to rule on the motion." *Good*, 231 F.R.D. at 447. Moreover, Plaintiffs will suffer no prejudice as a result of a short stay because Magistrate Judge Kelly's order already vacated the trial date and pre-trial deadlines, essentially starting the case over at Plaintiffs' request.

In contrast, ISLLC will be prejudiced in the absence of a stay. ISLLC filed its motion for summary judgment according to the original case deadlines and prior to Magistrate Judge Kelly's order converting this case into a putative class action. In a typical class action, the general rule is that class certification precedes the filing of motions for summary judgment. *Hartley v. Suburban Radiologic Consultants, Ltd.*, 295 F.R.D. 357, 367 (D. Minn. 2013). Courts apply this general rule because a ruling on the merits prior to class certification has no binding effect on any unnamed class members. *Id.* Courts have recognized, however, that it may be appropriate in some cases for defendants to waive the protections of the general rule and file a pre-certification motion for summary judgment where "an initial ruling on the merits of a claim would protect the parties from needless and costly further litigation." *Id.* (quoting *In re Starbucks Emp. Gratuity Litig.*, 264 F.R.D. 67, 75 (S.D.N.Y. 2009)). In this case, however, if the Court denies a stay, ISLLC will be forced to incur the costs of forging ahead with class discovery and class certification proceedings while at the same time not receiving the benefit of the general rule—a summary judgment ruling that is binding on the entire class. This would be an inequitable result. The better approach is to stay further class certification proceedings and discovery until after the Court rules on the dispositive motion, thereby potentially saving the parties and the Court the time, expense, and burden of class litigation.

Because the interests of judicial economy would best be served by staying any class certification proceedings or discovery pending a ruling on ISLLC's motion for summary judgment, and because Plaintiffs will suffer no prejudice by a short stay while ISLLC will suffer significant prejudice in the absence of a stay, the Court should stay further proceedings other than the pending motion for summary judgment.

## **CONCLUSION**

Magistrate Judge Kelly erred in concluding that Plaintiffs' decision to hire new counsel, and new counsel's determination that the case would be well-suited to a class action, constituted good cause for Plaintiffs' belated amendment.  Magistrate Judge Kelly further erred in concluding that the amendment would not cause significant prejudice to ISLLC.  Accordingly, the Court should either reverse the Magistrate's order or mitigate the prejudice to ISLLC by staying any further proceedings until after the Court rules on ISLLC's motion for summary judgment.

*/s/ Jason M. Craig*
Jason M. Craig (AT0001707)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone: (515) 243-7611
Facsimile: (515) 243-2149
jcraig@ahlerslaw.com
ATTORNEYS FOR DEFENDANT IOWA
STUDENT LOAN LIQUIDITY
CORPORATION

**Electronically filed and served:**

Alex Kornya
Legal Aid Justice Center
1000 Preston Ave. Suite A
Charlottesville, VA 22903
alexkornya@justice4all.org

Melissa Hasso
Emily Wilson
Sherinian, Hasso & Wilson
111 E. Grand Ave., Suite 212
Des Moines, IA 50309
mhasso@sherinianlaw.com
ewilson@sherinianlaw.com

Toby Marshall
Blythe Chandler
Elizabeth Adams
Terrell Marshall Law Group PLLC
936 N. 34th Street, Suite 300
Seattle, WA 98103
tmarshall@terrellmarshall.com
bchandler@terrellmarshall.com
eadams@terrellmarshall.com
ATTORNEYS FOR PLAINTIFFS

| CERTIFICATE OF SERVICE | | | |
|---|---|---|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on: _4/9/2025_ | | | |
| By: ☐ U.S. Mail | | ☐ | Fax |
| ☐ Hand delivery | | ☐ | Private Carrier |
| ☒ Electronically (*via CM-ECF*) | | ☐ | E-mail |
| Signature: | */s/ Jason M. Craig* | | |

4901-1745-9507-2\18390-083